FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 09, 2025

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEFA C.,[1] | No.  1:25-cv-3004-EFS |
| Plaintiff, | |
| v. | **ORDER RULING ON CROSS MOTIONS FOR REMAND AND REMANDING FOR FURTHER PROCEEDINGS** |
| FRANK BISIGNANO, Commissioner of Social Security,[2] | |
| Defendant. | |

---

[1] To address privacy concerns, the Court refers to Plaintiff by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

[2] Frank Bisignano became the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, and section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), he is hereby substituted as the defendant.

Plaintiff Josefa C. appeals the denial of benefits by the Administrative Law Judge (ALJ). The parties agree the ALJ erred in her evaluation of the medical opinion evidence, but the parties disagree about the appropriate remedy. After reviewing the record and relevant authority, the Court remands the case for further proceedings.

## I.     Background

Plaintiff alleges disability due to fibromyalgia, post-traumatic stress disorder (PTSD), depression, anxiety, hyperthyroidism, and irritable bowel syndrome.

Due to her physical and mental impairments, Plaintiff protectively filed for disability insurance benefits on August 11, 2021, alleging an onset date of January 2, 2021.[3] She also applied for supplemental security income benefits on September 29, 2021.[4] Plaintiff's claims were denied at the initial and reconsideration levels.[5]

---

[3] AR 239, 242.

[4] AR 244.

[5] AR 144-148, 151-155, 156-158.

Plaintiff requested an ALJ hearing.[6] On September 14, 2023, Plaintiff appeared for a hearing before ALJ Cecelia LaCara.[7] On January 25, 2024, the ALJ issued a decision denying Plaintiff's claim.[8]

ALJ LaCara found:

- Step one: Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2026.

- Step one: Plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 2, 2021.

- Step two: Plaintiff had the following medically determinable severe impairments: fibromyalgia, obesity, depression, anxiety, and PTSD.  She also found that Plaintiff's gastrointestinal issues, carpal tunnel syndrome, hyperthyroidism, and left foot metatarsalgia were not severe impairments.

---

[6] AR 169.

[7] AR 52-87.

[8] AR 14-35.

- Step three: Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Specifically, the ALJ noted that she considered SSRs 12-2P, and 19-2P, Listings 12.04, 12.06, and 12.15.

- RFC: Plaintiff had the RFC to perform medium work except that: she is limited to tasks up to 3-4 steps, make independent decisions and sustain a normal workday/week with only occasional changes in the work setting, and occasional interaction with coworkers and the public.

- Step four: Plaintiff is able to perform her past relevant work as a companion (DOT 309.677-010).

- Step five: in the alternative, considering Plaintiff's RFC, age, education, and work history, Plaintiff could perform work that existed in significant numbers in the national economy, such as a dishwasher, hospital food service worker, or a hand packager.[9]

---

[9] AR 19-28.

Plaintiff now appeals ALJ LaCara's denial of disability and asks for an immediate award of benefits.[10] The Commissioner concedes the ALJ erred when evaluating the medical opinions, but the Commissioner asks the Court to remand the matter for further administrative proceedings because there are evidentiary conflicts that must be resolved by the ALJ.[11] Plaintiff argues that because the Commissioner did not address the fact that the opined limitations are disabling pursuant to both the program rules and the VE testimony, he has effectively conceded that the limitations are disabling if credited and waived any opposition that the third prong of the test is not met.[12]

## II.    Analysis

## A.    Remand Standard

When a harmful error occurs in the administrative proceeding, remand for further administrative proceedings is the usual course

---

[10] ECF Nos. 1, 8.

[11] ECF No. 11.

[12] ECF No. 12.

absent rare circumstances.[13] Three factors must be satisfied for the court to consider remand for payment of benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.[14]

When these factors are satisfied, the decision whether to remand for benefits or further proceedings is within the court's discretion, as it "is a fact-bound determination that arises in an infinite variety of contexts."[15]

———————————

[13] *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

[15] *Treichler*, 775 F.3d at 1100 (quoting *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000)).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

## B. Remand Analysis – Medical Opinions: Plaintiff established consequential error.

As agreed to by the parties, the ALJ erred as to her evaluation of the opinions of ARNP Sara Parnell, Dr. W. Miller Logan, and Dr. Matthew Comrie.[16]

### 1. Standard

An ALJ must consider and evaluate the persuasiveness of all medical opinions.[17] The ALJ need not however "give any specific evidentiary weight . . . to any medical opinion(s)."[18] The factors for evaluating the persuasiveness of medical opinions include, but are not limited to, supportability, consistency, relationship with the claimant,

---

[16] An ALJ must consider and articulate how persuasive she found each medical opinion, including whether the medical opinion was consistent with and supported by the record. 20 C.F.R. §§ 404.1520c(a)–(c); 416.920c(a)–(c); *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

[17] 20 C.F.R. § 404.1520c(a).

[18] Revisions to Rules, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

and specialization.[19] Supportability and consistency are the most important factors, and the ALJ is required to explain how both of these factors were considered:[20]

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.[21]

---

[19] *Id.* §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). When assessing the medical source's relationship with the claimant, the ALJ is to consider the treatment length, frequency, purpose, and extent, and whether an examination was conducted. The ALJ may also consider whether the medical source has familiarity with the other record evidence or an understanding of the disability program's policies and evidentiary requirements.

[20] *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

[21] *Id.* §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

Typically, the ALJ may, but is not required to, explain how the other factors were considered.[22]

### 2. Analysis – the ALJ's consideration of ARNP Parnell's opinions

#### a. *ARNP Parnell's opinions*

On December 21, 2022, Plaintiff's treating source, ARNP Sara Parnell completed a Mental (Medical) Source Statement.[23] She opined that Plaintiff would be mildly limited in the ability to perform the following tasks: work in coordination with others, maintain socially appropriate behavior and adhere to standards of neatness, and adapt

––––––––––––––––––

[22] *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). When two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. *Id.* §§ 404.1520c(b)(3), 416.920c(b)(3).

[23] AR 602-604.

or manage oneself.[24] She opined that Plaintiff would be moderately limited in the ability to perform the following tasks: remember locations and work-like procedures, carry out detailed instructions, perform activities within a schedule and sustain an ordinary routine without supervision, accept instructions and criticism, respond to changes in a work setting, understand and apply information, and concentrate and persist.[25] She opined that Plaintiff would be markedly limited in performing the following tasks: maintain attention and concentration for long periods of time, complete a normal workweek or work day without interruption from symptoms, ask simple questions, and get along with coworkers or peers.[26] ARNP Parnell opined that Plaintiff would have an extreme limitation in performing the following tasks: understanding and remembering detailed instructions, traveling in unfamiliar places or using public transportation, setting realistic

---

[24] AR 602-604.

[25] *Id*.

[26] AR 602-603.

ORDER RULING ON CROSS MOTIONS TO REMAND - 10

goals and making plans independently of others, and interacting with others.[27]

ARNP Parnell also opined that Plaintiff would be off task more than 30% of the time and would be absent for 4 or more days per month.[28] She opined that all of the limitations existed since at least January 2, 2021.[29]

> ### b.  The ALJ's articulated reasoning regarding her consideration of ARNP Parnell's opinions

The ALJ articulated the following reasoning regarding her consideration of Dr. Parnell's opinions:

> Sara Parnell, ARNP opined that the claimant had mild limitation in adapting or managing oneself, moderate limitation in understanding, remembering or applying information and concentrating, persisting or maintaining pace, and extreme limitation in interacting with others. The claimant would be off-task over 30% of the workday, and miss work four or more days per month (11F). Notably, Ms. Parnell noted that the opinions were not the opinions of the treatment team, and there was not at least one M.D. or Ph.D. on the treatment team. The opinion was supported by

---

[27] AR 602-604.

[28] AR 604.

[29] *Id.*

Ms. Parnell's own treatment findings, including sad, depressed and tired mood (21F/97-98). The opinion was partially consistent with the remainder of the record, which further reflected restlessness, anxious, lethargic, and tired demeanor, but no evidence of psychiatric hospitalization. Given this evidence, the undersigned finds the opinion that the claimant had mild limitation in adapting or managing oneself and moderate limitation in concentrating, persisting or maintaining pace persuasive. The opinion that the claimant had an extreme limitation in interacting with others is not consistent with her cooperation on examinations and during the hearing. The undersigned therefore does not find that portion of the opinion persuasive. The record did not document limitations in memory and noted fair insight and fair to strong judgment on examination. Given its inconsistency with the record, the undersigned does not find that portion of the opinion persuasive.[30]

Notably, while the ALJ addressed ARNP Parnell's opinions regarding mild, moderate, and extreme limitations, she did not address any of the tasks for which ARNP Parnell opined Plaintiff would have a marked limitation.

    c.    *Analysis of the ALJ's error in considering ARNP Parnell's opinions*

---

[30] AR 26-27.

The parties agree that there is consequential error in the ALJ's failure to consider the marked impairments to which ARNP Parnell opined, but disagree as to the remedy. The ALJ has failed entirely to consider that ARNP Parnell opined that Plaintiff would have a marked impairment in the following tasks:  maintain attention and concentration for long periods of time, complete a normal workweek or work day without interruption from symptoms, ask simple questions, and get along with coworkers or peers.[31]  It is unclear to the Court on review whether this was an oversight or whether the ALJ intended to accept the opined limitations in question, as she had accepted ARNP Parnell's opinions regarding mild and moderate limitations.

In addition to the fact that the ALJ omitted reference to the marked limitations to which ARNP Parnell opined, she also omitted any reference to the following extreme limitations to which ARNP Parnell opined: understanding and remembering detailed instructions, traveling in unfamiliar places or using public transportation, setting

---

[31] AR 602-603, 26-27.

realistic goals and making plans independently of others.[32] Again, it is unclear to the Court whether the ALJ accepted or rejected the opined limitations in question.

The Court concludes that the proper remedy for the ALJ's failure to articulate her reasoning regarding ARNP Parnell's opinions as to marked limitations and extreme limitations would be remand for further proceedings with the direction that the ALJ articulate her reasoning. The Court then moves on to an analysis of the ALJ's error in her consideration of the opinions of Dr. Logan and Dr. Comrie.

3.    <u>Analysis – the ALJ's consideration of the opinions of Dr. Logan and Dr. Comrie</u>

The parties also agree that the ALJ erred in her consideration of the opinions of state agency evaluators Dr. Logan and Dr. Comrie. They disagree as to the appropriate remedy for the ALJ's error.

a.    <u>*Dr. Logan and Dr. Comrie's opinions*</u>

---

[32] AR 602-604, 26-27.

On June 29, 2022, W. Miller Logan, MD, reviewed Plaintiff's file and rendered an opinion as to Plaintiff's mental limitations.[33] Dr. Miller opined that Plaintiff is moderately limited in her ability to maintain attention and concentration for extended periods; is moderately limited in her ability to work in proximity to others without being distracted by them; is moderately limited in her ability to complete a normal workday or workweek without interruption from symptoms; retains the capacity to perform 3 and 4 step tasks, make independent decisions, and sustain a normal workday/week without interruptions in routine; is moderately limited in the ability to interact with the general public and accept instruction and criticism from supervisors; and that her interactions with others should be brief and task focused.[34]

---

[33] AR 100-102, 118-120.

[34] *Id.*

On September 7, 2022, state agency evaluator Matthew Comrie, PsyD, reviewed Plaintiff's file at the reconsideration level.[35] Dr. Comrie adopted Dr. Logan's findings.

        *b.*   *<u>The ALJ's articulated reasoning regarding her</u>*

            *<u>consideration of Dr. Logan and Dr. Comrie's opinions</u>*

The ALJ articulated the following reasoning regarding her consideration of Dr. Logan and Dr. Comrie's opinions:

> State agency consultants W. Miller Logan, M.D. and Matthew Comrie, Psy.D. opined that the claimant retained the capacity to perform 3 and 4 step tasks, make independent decisions, and sustain a normal workday/week with only occasional interruptions in routine. Interactions with others should be brief and task-focused (1A/13-15; 2A/13-15; 5A/6-7; 6A/6-7). The opinion was internally supported by reference to diagnosis of major depressive disorder and posttraumatic stress disorder, dysthymic and exhausted appearance, and tearfulness (3F, 5F). The opined restrictions were also consistent with the remainder of the record, which further documented apparent anxious distress with anxious affect, restless behavior, anxious thought content and stressed mood (14F). Given its consistency with the record, the undersigned finds the opinion persuasive.[36]

---

[35] AR 139-140.

[36] AR 26.

<i>c.    <u>Analysis of the ALJ's error in considering Dr. Logan and Dr. Comrie's opinions</u></i>

The error which Plaintiff argues was consequential was the ALJ's failure to include a provision in the formulated RFC that limits the amount of time that Plaintiff could interact with the public, coworkers, and supervisors.

Here, unlike the ALJ's consideration of ARNP Parnell's opinions, the ALJ considered and credited the opined limitation to be persuasive and entitled to weight.[37] Plaintiff is correct, that there is nothing in the formulated RFC which limits Plaintiff's interactions with coworkers or the public to be either brief or task-focused.[38]

Plaintiff argues that the error is consequential because the vocational expert testified that one limited to brief and occasional interaction with coworkers would not be able to survive the training period.[39]  The VE's testimony is not as clear as Plaintiff argues.  The

---

[37] AR 26.

[38] AR 22.

[39] ECF Nos. 8, 12.

VE stated that in an unskilled position, the training would be expected to be conducted in both occasional and brief interactions.[40]  When queried she did state that in the course of training there might possibly be group meetings that an employee might be required to attend that would last longer than a third of the workday.[41]

While the VE's testimony indicates that a limitation to brief and occasional contact with coworkers might have an effect on the individual's ability to complete training, it is not clear what that effect would be and it is not accurate to characterize the testimony as saying that completing training would be precluded.

Accordingly, the Court concludes that the appropriate remedy is to remand the matter for further proceedings. In his reply brief, Plaintiff avers that because the Commissioner has failed to offer a defense to Plaintiff's argument, he should be considered to have waived the argument.[42] The Court disagrees and notes that in his brief the

---

[40] AR 83-84.

[41] AR 84.

[42] ECF No. 12.

Commissioner has argued that the VE did not testify that work was precluded.[43] Plaintiff is correct that there is precedence in this circuit that the failure to adequately address an issue in a brief serves as an abandonment of that issue.[44]  That did not happen here, however.

In summary, the purported reasons highlighted by Plaintiff do not serve as a basis for remand for calculation of benefits. The Court concludes that further development of the record is warranted.

### III.   Conclusion

Plaintiff seeks a remand for payment of benefits. However, further proceedings are necessary because disability during the at-issue period is not clearly established.[45]

The ALJ's error in weighing the medical opinion evidence requires remand. Because the record contains conflicting evidence

---

[43] ECF No. 11.

[44] *Wilcox v. Comm'r*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1988).

[45] *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

1

2

about Plaintiff's ability to sustain employment, further administrative proceedings are necessary.[46]

3

4

Accordingly, **IT IS HEREBY ORDERED**:

5

6

1.    The Commissioner's Motion to Remand for Further Proceedings, **ECF No. 11**, is **GRANTED**.

7

8

2.    The Clerk shall **TERM** Plaintiff's Opening Brief, **ECF No. 8**.

9

10

3.    The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings.

11

12

13

4.    The case shall be **CLOSED**.

14

IT IS SO ORDERED.  The Clerk's Office is directed to file this order and provide copies to all counsel.

15

16

17

18

19

_____

20

[46] *See Smith v. Kijakazi*, 14 F.4th 1108, 1113–16 (9th Cir. 2021)

21

(requiring the ALJ to assess whether impairments increased or

22

decreased in severity over time).

23

1     **DATED** this 9th day of July 2025.

2

3                          *Edward F. Shea*

                            EDWARD F. SHEA

4          Senior United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23